UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES )<br>170 S. Lincoln Street )<br>Suite 150 )<br>Spokane, WA 99201 )<br>    Plaintiff, )<br>  v. )<br>)<br>SECURITIES AND EXCHANGE COMMISSION )<br>100 F Street NE )<br>Washington D.C. 20549-2736 )<br>)<br>    Defendant. ) | Case No. 22-cv-1497 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff ENERGY POLICY ADVOCATES ("EPA") for its complaint against Defendant U.S. SECURITIES AND EXCHANGE COMMISSION ("SEC"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief, seeking immediate processing and release of agency records responsive to two of Plaintiff's requests, following the SEC's failure to comply with the express terms of FOIA, including by failing to, e.g., fulfill its obligation to make a "determination" as that term is defined in *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 816 (D.C. Cir. 2013), by failing to respond to the requests, and by withholding responsive information, all in violation of Defendant's obligations.

## PARTIES

2. Plaintiff Energy Policy Advocates ("EPA") is a non-profit organization incorporated in the State of Washington and dedicated to transparency and open government. Energy Policy

Advocates uses state and federal open records law to inform the public on the operations of government including private influences on government policymaking and other actions.

3. Defendant Securities and Exchange Commission ("SEC") is an independent federal agency located in Washington, DC. The stated "mission of the SEC is to protect investors; maintain fair, orderly, and efficient markets; and facilitate capital formation".

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

6. EPA is not required to further pursue administrative remedies before seeking relief in this Court because the Defendant has failed to make timely "determinations" as that term is defined in *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013).

7. EPA has constructively exhausted, and has no obligation to further exhaust, its administrative remedies with respect to its FOIA requests. See, e.g., *Citizens for Responsibility & Ethics in Wash. v. U.S. Dept. of Justice*, 436 F. Supp. 3d 354, 359 (D.D.C. 2020) (citing various other cases and holding that the statutory text of FOIA relieves plaintiffs of any exhaustion requirement).

## ENERGY POLICY ADVOCATES' FOIA REQUEST

8. On April 20, 2022, Plaintiff submitted by email a FOIA request to Defendant seeking copies of all text and direct messages and other written electronic, non-email communications over the course of an eight-month period, which message(s) were 1) sent to or from any of four named SEC officials and also were sent to or from any of four named White House officials and also 2) messages as defined that were a) sent to or from the same three named SEC officials and also b) includes anywhere "GHG".

9. Plaintiff's request noted (emphases in original), "This request seeks the described records on <u>any device, and using any account,</u> whether officially assigned to the named staff by the agency, or simply used by the named staff to conduct agency business (This request therefore contemplates a search for records not only on SEC- or otherwise government-assigned devices but also, e.g., [listing several non-official phone numbers associated with the senior appointees], because *any records meeting this description, on whatever device they were sent or received are for obvious reasons presumptively inherently SEC-related.* That the above-described messages are in fact public records whatever device or account is used is well-established as is the obligation of an agency to obtain them. All such devices and accounts must all be searched, and in a non-conflicted manner."

10. On April 21 and 25, 2022, respectively, Defendant acknowledged this request assigning it number 22-01719-FOIA and granted Plaintiff's request for fee waiver as a media outlet.

11. Defendant owed Plaintiff a proper response no later than May 18, 2022.

12. Defendant has not otherwise acknowledged this request with any substantive response or request for further information whatsoever. Defendant's correspondence to date, as elsewhere herein described, does not rise to the level of a "determination" within the meaning of the law.

13. On April 25, 2022, Plaintiff submitted by email another FOIA request to Defendant seeking correspondence of five senior SEC appointees to or from or including anywhere one or more of three outside email domains belonging to two activist groups, over the course of a seven-plus month period.

14. Plaintiff's request noted, *inter alia*, (emphases in original), "This request seeks the described records on <u>any email account,</u> whether officially assigned to the named staff, or any other

(so not only but @sec.gov but, e.g., [listing several non-official email accounts associated with the senior appointees]. That the above-described messages are in fact public records whatever device or account is used is well-established as is the obligation of an agency to obtain them. All such devices and accounts must all be searched, and in a non-conflicted manner."

15. On April 27, 2022, Defendant acknowledged this request assigning it number 22-01750-FOIA and granted Plaintiff's request for fee waiver as a media outlet.

16. Defendant owed Plaintiff a proper response no later than May 23, 2022.

17. Defendant has not otherwise acknowledged this request with any substantive response or request for further information whatsoever. Defendant's correspondence to date, as elsewhere herein described, does not rise to the level of a "determination" within the meaning of the law.

18. As such, Defendant SEC continues to improperly deny Plaintiff access to agency records in violation of FOIA regarding both of Plaintiff's requests.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

19. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

21. Plaintiff has a statutory right to the information it seeks, and Defendant has unlawfully withheld the information.

22. Plaintiff is not required to further pursue administrative remedies.

23. Plaintiff asks this Court to enter a judgment declaring that:

    a. Plaintiff is entitled to records responsive to its FOIA requests described above, and any attachments thereto, but Defendant has failed to provide the records;

    b. SEC's processing of Plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy SEC's obligations under FOIA;

    c. SEC must now produce records responsive to Plaintiff's requests, and must do so without cost to the Plaintiff.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

24. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25. Plaintiff is entitled to injunctive relief compelling Defendant to produce the records responsive to the FOIA requests described herein.

26. Plaintiff is entitled to injunctive relief compelling Defendant to grant the Plaintiff's requests for a fee waiver.

27. Plaintiff asks the Court to enter an injunction ordering Defendant to produce to Plaintiff, within 20 business days of the date of the order, the requested records sought in Plaintiff's FOIA requests described above, and any attachments thereto, at no cost to the Plaintiff.

28. Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to SEC's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

29. Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

30. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

31. This Court should enter an injunction or other appropriate order requiring the Defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

Energy Policy Advocates respectfully requests this Court:

1. Assume jurisdiction in this matter, and maintain jurisdiction until the Defendant complies with FOIA and every order of this Court;

2. Declare Defendant has violated FOIA by failing to provide Plaintiff with the requested records, by failing to grant Plaintiff's requests for a fee waiver, and/or by failing to notify Plaintiff of final determinations within the statutory time limit;

3. Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

4. Order Defendant to expeditiously provide the requested records to Plaintiff within 20 business days of the Court's order;

5. Award Plaintiff's attorneys their fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

6. Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 27th day of May, 2022,

ENERGY POLICY ADVOCATES
By Counsel:

<u>/s/Matthew D. Hardin</u>
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

*Counsel for Plaintiff*