UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES,<br><br>                Plaintiff,<br><br>     v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                Defendant. | No. 1:22-cv-01497-TNM |

**JOINT STATUS REPORT**

Pursuant to this Court's order of March 22, 2023, the parties respectfully submit this joint status report concerning the status of Plaintiff's two FOIA requests at issue in this litigation (22-01750-FOIA and 22-01719-FOIA). The parties previously submitted joint status reports on August 22, 2022 (Dkt. 8), September 21, 2022 (Dkt. 9), October 19, 2022 (Dkt. 10), November 21, 2022 (Dkt. 11), December 21, 2022 (Dkt. 12), January 20, 2023 (Dkt. 13), February 21, 2023 (Dkt. 14), and March 22, 2023 (Dkt. 15).

**The SEC's Position**

As stated in the parties' previous joint status reports, the SEC's Office of FOIA Services ("FOIA Office") issued what it asserts are its final responses to FOIA Request Nos. 22-01750-FOIA and 22-01719-FOIA on July 13, 2022 and September 12, 2022, respectively. The SEC has provided Plaintiff with explanations of the searches conducted in connection with FOIA Request Nos. 22-01719-FOIA and 22-01750-FOIA as well as a preliminary *Vaughn* index describing the records withheld in full in connection with FOIA Request No. 22-01719-FOIA. The SEC has

also provided Plaintiff with additional information regarding the searches both by email and in the form of a response to a separate FOIA request submitted by Plaintiff.

**Plaintiff's Position**

Plaintiff's Position is that the SEC's draft Vaughn logs described above are inadequate and boilerplate in nature. Plaintiff believes that SEC has asserted very similar or even verbatim descriptions with regard to multiple redactions/withholdings, and that SEC has generally failed to establish the privileges or exemptions upon which it relies. As such, Plaintiff does not believe SEC has carried its burden to justify any withholdings, and therefore challenges all withholdings/redactions. Plaintiff also challenges Defendant's search, grounded in representations made and not made in its Summary Descriptions of Searches.

**Joint Proposal**

The parties agree that the issues to be resolved through summary judgment are (1) the adequacy of the searches conducted in connection with FOIA Request Nos. 22-01719-FOIA and 22-01750-FOIA and (2) the SEC's withholding of information from records responsive to FOIA Request No. 22-01719-FOIA.  The parties propose the following briefing schedule:

- The SEC to file its Motion for Summary Judgment on or before June 2, 2023.
- Plaintiff to file its Opposition, and any cross-Motion (if Plaintiff elects to file such a cross-Motion) on or before June 30, 2023.
- The SEC to file its reply, and any opposition to a cross-Motion (if a cross-Motion has been filed), on or before July 14, 2023.
- If Plaintiff has filed a cross-Motion, its final Reply shall be due on or before July 28, 2023.

Dated:  April 21, 2023

/s/ *Matthew D. Hardin*
Christopher C. Horner, DC Bar No. 440107
1725 I Street NW, Suite 300
Washington, DC 20006

Matthew D. Hardin, DC Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

*Counsel for Plaintiff Energy Policy Advocates*

Respectfully submitted,

/s/ *Alexandra Verdi*
Alexandra Verdi
Office of the General Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549
Telephone: (202) 551-5057
Fax: (202) 772-9263
verdim@sec.gov

*Counsel for Defendant*
*U.S. Securities and Exchange Commission*

3