UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Defendant. | No. 1:22-cv-01497-TNM |

### SEC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF
### THE SEC'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Civil Rule 7(h)(1), in support of its motion for summary judgment, the SEC respectfully submits this statement of material facts as to which the SEC contends there is no genuine issue:

1.　　On April 20, 2022, Plaintiff submitted a FOIA request to the SEC seeking "*all* text messages and other written electronic, non-email communications including, e.g., SMS, iMessage, direct message via any medium (Facebook, Twitter, Teams, Skype) or other instant message, and any message sent or received via Signal, WhatsApp, or Telegram, whether person-to-person or as a 'chat' or other group messages, which message(s) meet(s) the following parameters": (1) "messages as defined herein that were a) sent to or from (including person-to-person or as part of any *group* text, Telegram, Signal, WhatsUpp [sic], Facebook, Twitter, etc. chat or DM) any of the following SEC officials i) Gary Gensler, ii) Allison Herren Lee, iii) Frank Buda, iv) Prashant Yerramalli, and/or v) Angelica Annino, and also were sent to or from i) Janet Yellin [sic], and/or any of the following White House officials ii) David Hayes, iii) Ali Zaidi, iiv) [sic] Gina McCarthy and/or v) Philip Giudice (again, whether person to person or

1

as part of any *group* text, Telegram, Signal, WhatsUpp [sic], Facebook, Twitter, etc. chat or DM), which c) were sent/received at any time from September 1, 2021 through April 20, 2022, inclusive" and (2) "messages as defined herein that were a) sent to or from i) Gary Gensler, ii) Allison Herren Lee, iii) Frank Buda, iv) Prashant Yerramalli, and/or v) Angelica Annino, <u>and also</u> b) includes anywhere, i) GHG (in any form, e.g., including also in GHGs), ii) 'climate risk' (quotations only indicating the search parameter), and/or iii) CRD, which were sent/received at any time from September 1, 2021 through April 20, 2022, inclusive." *See* Compl. ¶8; Answer ¶8; Hyde-Michaels Decl. ¶3.  The SEC assigned Plaintiff's April 20, 2022 FOIA request tracking number 22-01719-FOIA.  *See* Compl. ¶10; Hyde-Michaels Decl. ¶4.

        2.        On April 25, 2022, Plaintiff submitted another FOIA request to the SEC seeking "all electronic mail a) sent to, from or which copies (whether as cc: or bcc:) i) Gary Gensler, ii) Allison Herren Lee, iii) Frank Buda, iv) Prashant Yerramalli, and/or v) Angelica Annino, b) which is also sent to, from of [sic] which copies (again, whether as cc: or bcc:) or includes, anywhere in an email 'thread', whether as a co-correspondent's address or otherwise in the body of, e.g., a forwarded email, i) @nrdc.org, ii) @sustainableFERC.org, and/or iii) @EF.org, which are dated at any time from September 1, 2021 through April 22, 2022, inclusive." *See* Compl. ¶13; Answer ¶13; Hyde-Michaels Decl. ¶5.  The SEC assigned Plaintiff's April 25, 2022 FOIA request tracking number 22-01750-FOIA.  *See* Compl. ¶15; Hyde-Michaels Decl. ¶6.

        3.        On May 27, 2022, Plaintiff filed the complaint in this lawsuit.  *See* ECF No. 1. Plaintiff's FOIA Request Nos. 22-01719-FOIA and 22-01750-FOIA are at issue in this suit.  *See id.*

4. On July 13, 2022, the SEC responded to Plaintiff's FOIA Request No. 22-01750-FOIA and released to Plaintiff 79 pages of records. Hyde-Michaels Decl. ¶11. The records were redacted in part under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). *Id.*

5. On July 21, 2022, the SEC filed an answer to Plaintiff's complaint. *See* ECF No. 7.

6. On September 12, 2022, the SEC responded to Plaintiff's FOIA Request No. 22-01719-FOIA and informed Plaintiff that the SEC identified five pages of records responsive to the FOIA request and was withholding all five pages of records in full under FOIA Exemptions 5 and 6, 5 U.S.C. § 552(b)(5), (6). Hyde-Michaels Decl. ¶8.

7. On summary judgment, Plaintiff challenges (1) the adequacy of the searches conducted in connection with FOIA Request Nos. 22-01719-FOIA and 22-01750-FOIA and (2) the SEC's withholding of information from records responsive to FOIA Request No. 22-01719-FOIA. ECF No. 16 at 2.

8. In the SEC's search for records responsive to FOIA Request No. 22-01750-FOIA, the SEC's Office of Information and Technology ("OIT") conducted an electronic search of the SEC email correspondence of SEC Chair Gary Gensler, SEC Commissioner Allison Herren Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino between September 1, 2021 and April 22, 2022 (the time period requested) using the search terms "nrdc.org," "sustainableFERC.org," and "EF.org." Hyde-Michaels Decl. ¶9. The email search consisted of a search of all emails sent to or received by Chair Gensler, Commissioner Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino (using the SEC email addresses that they generally use) where the search terms were contained in any field of the email (to, from, cc, bcc, subject line, or body of the email). *Id*.

9. OIT's search for records responsive to FOIA Request No. 22-01750-FOIA returned five emails with attachments. Hyde-Michaels Decl. ¶10. The FOIA Office reviewed these emails to identify the records responsive to the FOIA request and determined that four of them, a total of 79 pages of records, were responsive. *Id*. The FOIA Office deemed one email that had a search term only in the attachment, not in the body of the email, as non-responsive and excluded it from release. *Id*.

10. OIT is not able to conduct electronic searches of non-SEC email correspondence. Hyde-Michaels Decl. ¶13. Consequently, SEC staff asked Gary Gensler, Allison Herren Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino whether they use their personal email addresses to conduct SEC business. *Id*. They stated that they do not use their personal email addresses to conduct SEC business. *Id*.

11. OIT is not able to conduct electronic searches of text messages sent to or from SEC-issued cell phones. Hyde-Michaels Decl. ¶14.

12. In the SEC's search for records responsive to FOIA Request No. 22-01719-FOIA, SEC staff worked with Gary Gensler, Frank Buda, Prashant Yerramalli, and Angelica Annino to search each individual's SEC-issued cell phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice. Tallarico Decl. ¶6.

13. Because Allison Herren Lee left the SEC in July 2022, SEC staff searched her SEC-issued cell phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice. Tallarico Decl. ¶7.

14.     No responsive text messages or other messages (sent or received via Facebook, Twitter, chat, etc.) with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice were identified in the searches described in paragraphs 12 and 13.  Tallarico Decl. ¶8.

15.     SEC staff also worked with Gary Gensler, Frank Buda, Prashant Yerramalli, and Angelica Annino to search each individual's SEC-issued cell phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) containing the requested search terms "GHG," "climate risk," and "CRD."  Tallarico Decl. ¶9.

16.     SEC staff also searched Allison Herren Lee's cell phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) containing the requested search terms "GHG," "climate risk," and "CRD."  Tallarico Decl. ¶10.

17.     As a result of the searches described in paragraphs 15 and 16, SEC staff identified four pages of responsive records consisting of text messages that contain the requested search terms "GHG," "climate risk," and "CRD."  Tallarico Decl. ¶11.

18.     For the time period covered by Plaintiff's FOIA request, Jabber was the instant messaging system used at the SEC.  Hyde-Michaels Decl. ¶7.  To capture responsive Jabber messages, OIT ran a search for all Jabber messages sent to or from Gary Gensler, Allison Herren Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino.  *Id*.  Within each of those sets of messages, SEC staff then ran a search for the requested search terms "GHG," "climate risk," and "CRD."  *Id*.  SEC staff identified one responsive Jabber message as a result of this search.  *Id*.

19.     Jabber messages can be sent and received only between SEC staff and not with external individuals.  Hyde-Michaels Decl. ¶15.  As a result, SEC staff did not search for Jabber communications with the external recipients named in FOIA Request No. 22-01719-FOIA (Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice).  *Id.*

20. OIT is not able to conduct electronic searches of electronic messages sent to or received from other platforms including Facebook, Twitter, Skype, Signal, WhatsApp, or Telegram.  Hyde-Michaels Decl. ¶16.

21. Gary Gensler, Frank Buda, Prashant Yerramalli, and Angelica Annino told SEC staff that they did not use non-email, messaging platforms other than text message to send or receive messages concerning SEC business during the relevant time period.  Hyde-Michaels Decl. ¶17.

22. SEC staff also searched Allison Herren Lee's SEC-issued cell phone for messages sent via platforms other than Jabber and did not identify any responsive records.  Tallarico Decl. ¶¶7, 10.

23. In connection with FOIA Request No. 22-01719-FOIA, pursuant to FOIA Exemption 5, the SEC withheld in full the five pages of responsive records referred to in paragraphs 17 and 18 under the deliberative process privilege because they contain pre-decisional and deliberative information.  Tallarico Decl. ¶12.

24. Specifically, the records responsive to FOIA Request No. 22-01719-FOIA consist of discussion and analysis concerning SEC proposed rulemaking.  Tallarico Decl. ¶12; Ex. 1 (*Vaughn* index).  The records reflect SEC staff's consultative discussions on aspects of proposed climate-related rulemaking prior to the agency's release of the proposed rules.  *Id.*

25. SEC staff have reviewed the records withheld under the deliberative process privilege, conducted a line-by-line segregability analysis, and concluded that they are not segregable.  Tallarico Decl. ¶13.

26. SEC staff have reviewed the records responsive to FOIA Request No. 22-01719-FOIA to determine if it is reasonably foreseeable that disclosure would harm an interest

protected by one of the FOIA's statutory exemptions or the disclosure is prohibited by law. Tallarico Decl. ¶14.  The SEC has determined that it is reasonably foreseeable that disclosure of these records would cause harm.  *Id.*

27.     Disclosure of the information relating to internal SEC deliberations that the SEC is withholding under the deliberative process privilege would chill discussions regarding SEC proposed rulemaking.  Tallarico Decl. ¶15.  If these documents were disclosed in response to FOIA requests, staff across the SEC would likely limit their discussions and inhibit their candor in discussing proposed rulemaking.  *Id.*  Such chilling would make rulemaking less efficient and effective as it would likely prevent robust discussions among SEC staff in drafting proposed rules.  *Id.*

28.     Additionally, Plaintiff's FOIA requests focus on records concerning "environmental and energy policy," including records relating to SEC climate-related rules. Tallarico Decl. ¶16.  Releasing internal deliberations that took place about these rules prior to their proposal would interfere with the SEC's longstanding approach to rulemaking, which relies on significant internal deliberations and debate on sensitive topics that affect U.S. securities markets.  *Id.*  Releasing these discussions would also cause public confusion as they pre-date the agency's release of the proposed rules.  *Id.*

29.     Overall, disclosure would jeopardize the candid and comprehensive discussions that are essential for efficient and effective agency rulemaking.  Tallarico Decl. ¶17.

Dated:  June 2, 2023                                   Respectfully submitted,


                                                       /s/ *Alexandra Verdi*
                                                       Alexandra Verdi (NY Reg. No. 5480934)
                                                       Office of the General Counsel
                                                       U.S. Securities and Exchange Commission
                                                       100 F Street, NE
                                                       Washington, D.C. 20549
                                                       Telephone: (202) 551-5057
                                                       Fax: (202) 772-9263
                                                       verdim@sec.gov

                                                       *Counsel for Defendant*
                                                       *U.S. Securities and Exchange Commission*