**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ENERGY POLICY ADVOCATES,

        Plaintiff,

    v.

SECURITIES AND EXCHANGE
COMMISSION,

        Defendant.

No. 1:22-cv-01497-TNM

### DECLARATION OF MARK TALLARICO

I, Mark Tallarico, declare as follows:

1.      I am an attorney in the Office of the General Counsel ("OGC") of the U.S.

Securities and Exchange Commission ("SEC").  I have served in this capacity since November

2014.  My duties include reviewing administrative appeals of decisions issued by the SEC's

Office of FOIA Services ("FOIA Office") regarding Freedom of Information Act ("FOIA")

requests and handling FOIA litigation against the SEC.  I also serve as the FOIA Liaison for

OGC and coordinate OGC's search for documents that may be responsive to a FOIA request.  I

am familiar with the SEC's procedures for responding to and searching for documents

responsive to FOIA requests.

2.      I submit this declaration to explain defendant SEC's processing of the FOIA

requests at issue in the above-captioned action.

3.      I make this declaration in my official capacity.  The statements I make in this

declaration are based on my review of the official files and records of the SEC maintained

routinely in the ordinary course of business, my own personal knowledge, or information I

acquired through the performance of my official duties or from other SEC staff.

4.      Attached as **Exhibit 1** to this declaration is the *Vaughn* Index prepared by OGC staff in connection with the release made in response to Plaintiff's FOIA Request No. 22-01719-FOIA (as described further below).  The *Vaughn* Index lists five pages of records withheld in full in connection with the request and summarizes the withholdings and the bases and justifications for the withholdings.  For each withheld document, the *Vaughn* Index provides the date the document was sent, the author and recipient of the document, a description of the withheld document, the FOIA exemptions relied on for the withholdings, and an explanation of the basis for applying the FOIA exemptions.  I have reviewed the *Vaughn* Index, and it accurately describes the information the SEC has withheld and the bases for applying FOIA exemptions.

**PLAINTIFF'S FOIA REQUESTS**

*FOIA REQUEST NO. 22-01719-FOIA*

5.      Plaintiff's request seeks two categories of records: (1) messages sent to or from Gary Gensler, Allison Herren Lee, Frank Buda, Prashant Yerramalli, and/or Angelica Annino (on one side) and Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and/or Philip Giudice (on the other side); and (2) messages sent to or from Gary Gensler, Allison Herren Lee, Frank Buda, Prashant Yerramalli, and/or Angelica Annino containing, anywhere in the message, the terms GHG(s), "climate risk," and/or CRD.  The time period for which Plaintiff seeks the requested records is September 1, 2021 through April 20, 2022.  Plaintiff's request defines messages as "including person-to-person or as part of any group text, Telegram, Signal, WhatsUpp [sic], Facebook, Twitter, etc. chat or DM."

6.      To locate the requested messages, SEC staff worked with Gary Gensler, Frank Buda, Prashant Yerramalli, and Angelica Annino to search each individual's SEC-issued cell

phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice.

7.      Because Allison Herren Lee left the SEC in July 2022, SEC staff searched her SEC-issued cell phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice.

8.      No responsive text messages or other messages (sent or received via Facebook, Twitter, chat, etc.) with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice were identified in the searches described in paragraphs 6 and 7.

9.      SEC staff worked with Gary Gensler, Frank Buda, Prashant Yerramalli, and Angelica Annino to search each individual's SEC-issued cell phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) containing the requested search terms "GHG(s)," "climate risk," and "CRD."

10.      SEC staff also searched Allison Herren Lee's cell phone for text messages and other messages (sent or received via Facebook, Twitter, chat, etc.) containing the requested search terms "GHG(s)," "climate risk," and "CRD."

11.      As a result of the searches described in paragraphs 9 and 10, SEC staff identified four pages of responsive records consisting of text messages that contain the requested search terms "GHG," "climate risk," and "CRD."  SEC staff also identified one responsive Jabber message (an SEC internal chat platform) sent to Prashant Yerramalli containing the term "GHG."

**THE SEC WITHHELD INFORMATION UNDER FOIA EXEMPTION 5**

12.      Pursuant to FOIA Exemption 5, the SEC withheld in full the five pages of records responsive to FOIA Request No. 22-01719-FOIA referred to in paragraph 11 under the

deliberative process privilege because they contain pre-decisional and deliberative information. Specifically, the responsive records consist of discussion and analysis concerning SEC proposed rulemaking.  The records reflect SEC staff's consultative discussions on aspects of proposed rulemaking prior to the agency's release of the proposed rules.  The *Vaughn* Index describes the pre-decisional deliberations to which this language relates in more detail.  *See* **Exhibit 1**.

13.     SEC staff have reviewed the records withheld under the deliberative process privilege, conducted a line-by-line review, and determined that there is no segregable information in the withheld messages.  This is because the messages fully reflect pre-decisional consultative discussions between SEC staff about the proposed rulemaking.

14.     SEC staff have reviewed the records responsive to FOIA Request No. 22-01719-FOIA to determine if it is reasonably foreseeable that disclosure would harm an interest protected by one of the FOIA's statutory exemptions or the disclosure is prohibited by law.  The SEC has determined that it is reasonably foreseeable that disclosure of these records would cause harm.

15.     Disclosure of the information relating to internal SEC deliberations that the SEC is withholding under the deliberative process privilege would chill discussions regarding SEC proposed rulemaking.  If these documents were disclosed in response to FOIA requests, staff across the SEC would likely limit their discussions and inhibit their candor in discussing proposed rulemaking.  Such chilling would make rulemaking less efficient and effective as it would likely prevent robust discussions among SEC staff in drafting proposed rules.

16.     Additionally, Plaintiff's FOIA requests focus on records concerning "environmental and energy policy," including records relating to SEC climate-related rules. Releasing internal deliberations about these proposed rules prior to their public release would

interfere with the SEC's longstanding approach to rulemaking, which relies on significant internal deliberations and debate on sensitive topics that affect U.S. securities markets. Releasing these discussions would also cause public confusion as they pre-date the public release of the final proposed rules.

17.     Overall, disclosure would jeopardize the candid and comprehensive discussions that are essential for efficient and effective agency rulemaking.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information and belief.

Executed on the 1st day of June, 2023 in Ashburn, Virginia.

*Mark R. Tallarico*
_____
MARK R. TALLARICO
Senior Counsel
Office of the General Counsel
U.S. Securities and Exchange Commission