UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES,<br><br>                  Plaintiff,<br><br>      v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Defendant. | No. 1:22-cv-01497-TNM |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF SEC'S MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 1

    A.    Plaintiff's FOIA Requests................................................................................... 1

        *FOIA REQUEST NO. 22-01719-FOIA.* ................................................................ 2

        *FOIA REQUEST NO. 22-01750-FOIA.* ................................................................ 4

III. PROCEDURAL BACKGROUND.................................................................................. 5

IV. ARGUMENT .................................................................................................................. 5

    A.    Summary judgment is appropriate because no material facts are in dispute. ......... 6

    B.    The SEC's searches for responsive records were adequate. .................................. 7

    C.    The SEC properly withheld records under FOIA Exemption 5............................ 10

        1.    Agencies can withhold exempt information when responding to FOIA requests. ................................................................................................... 10

        2.    Exemption 5 allows agencies to withhold documents protected by the deliberative process privilege. ................................................................. 11

        3.    The SEC properly withheld information under the deliberative process privilege. .................................................................................................. 12

        4.    The SEC conducted a segregability analysis and reasonably foresaw that disclosure of the withheld information would harm interests protected by Exemption 5. ............................................................................................ 14

V.  CONCLUSION............................................................................................................. 15

i

## TABLE OF AUTHORITIES

**CASES**

*ACLU v. United States DOD*, 628 F.3d 612 (D.C. Cir. 2011) ................................................. 10, 11

*\*Amiri v. NSF*, No. 1:20-cv-02006 (TNM),
   2021 WL 4438910 (D.D.C. Sept. 28, 2021) ............................................................ 7, 8, 10, 11

*Cause of Action Inst. v. United States DOJ*, 282 F. Supp. 3d 66 (D.D.C. 2017) ............................ 7

*Chavis v. United States DOJ*, No. 1:20-cv-00638 (TNM),
   2021 WL 1668069 (D.D.C. Apr. 28, 2021) ........................................................................... 11

*\*Clemente v. FBI*, No. 1:20-cv-1527 (TNM),
   2022 WL 17092585 (D.D.C. Nov. 21, 2022) ............................................................ 5, 6, 7, 11

*Codrea v. BATFE*, No. 21-2201 (RC), 2022 WL 4182189 (D.D.C. Sept. 13, 2022) ..................... 6

*Competitive Enter. Inst. v. United States EPA*, 232 F. Supp. 3d 172 (D.D.C. 2017) ............. 10, 12

*DiBacco v. United States Dep't of the Army*, 926 F.3d 827 (D.C. Cir. 2019) ............................... 8

*Dillon v. United States DOJ*, 444 F. Supp. 3d 67 (D.D.C. 2020) ................................................... 6

*Elec. Frontier Found. v. United States DOJ*, 739 F.3d 1 (D.C. Cir. 2014) ............................ 11, 12

*Elec. Privacy Info. Ctr. v. FBI*, No. 1:17-cv-00121 (TNM),
   2018 WL 2324084 (D.D.C. May 22, 2018) ........................................................................ 7, 14

*Emuwa v. United States Dep't of Homeland Sec.*, No. 1:20-cv-01756 (TNM),
   2022 WL 1451430 (D.D.C. May 9, 2022) ............................................................................... 8

*Env't Integrity Project v. SBA*, 151 F. Supp. 3d 49 (D.D.C. 2015) ............................................. 13

*Enviro Tech Int'l, Inc. v. United States EPA*, 371 F.3d 370 (7th Cir. 2004) ............................... 13

*Greenspan v. Bd. of Governors of the Fed. Rsrv. Sys.*, No. 1:21-cv-01968 (TNM),
   2022 WL 17356879 (D.D.C. Dec. 1, 2022) ...................................................................... 6, 10

*Lewis v. United States Dep't of Treasury*, No. 17-cv-0943 (DLF),

    2020 WL 1667656 (D.D.C. Apr. 3, 2020) ................................................................................ 13

*Machado Amadis v. DOJ*, 388 F. Supp. 3d 1 (D.D.C. 2019) ............................................................ 7

*Media Research Ctr. v. United States DOJ*, 818 F. Supp. 2d 131 (D.D.C. 2011) ........................... 6

*Miller v. United States DOJ*, 872 F. Supp. 2d 12 (D.D.C. 2012) ..................................................... 6

*Nat'l Right to Work Legal Def. & Educ. Found., Inc. v. United States DOL*,

    828 F. Supp. 2d 183 (D.D.C. 2011) ........................................................................................ 13

*U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777 (2021) ................................... 11, 12

**STATUTES & RULES**

5 U.S.C. § 552(a)(8)(A) ................................................................................................................ 14

5 U.S.C. § 552(b) .................................................................................................................. *passim*

Fed. R. Civ. P. 56(a) ....................................................................................................................... 5

I.  **INTRODUCTION**

Defendant U.S. Securities and Exchange Commission ("SEC") moves for summary judgment concerning the two Freedom of Information Act ("FOIA") requests at issue in this litigation.  Summary judgment is appropriate here because there is no genuine dispute of material facts concerning Plaintiff's FOIA requests, the SEC conducted a reasonable search for records responsive to these FOIA requests, and the SEC appropriately withheld records responsive to one of the FOIA requests under FOIA Exemption 5.

Accordingly, the SEC respectfully requests that the Court grant the SEC's motion for summary judgment.

II. **STATEMENT OF FACTS**[1]

A.  **Plaintiff's FOIA Requests**

On April 20, 2022, Plaintiff submitted a FOIA request to the SEC seeking "*all* text messages and other written electronic, non-email communications including, e.g., SMS, iMessage, direct message via any medium (Facebook, Twitter, Teams, Skype) or other instant message, and any message sent or received via Signal, WhatsApp, or Telegram, whether person-to-person or as a 'chat' or other group messages, which message(s) meet(s) the following parameters": (1) "messages as defined herein that were a) sent to or from (including person-to-person or as part of any *group* text, Telegram, Signal, WhatsUpp [sic], Facebook, Twitter, etc. chat or DM) any of the following SEC officials i) Gary Gensler, ii) Allison Herren Lee, iii) Frank Buda, iv) Prashant Yerramalli, and/or v) Angelica Annino, <u>and also were sent to or from</u> i) Janet Yellin [sic], and/or any of the following White House officials ii) David Hayes,

---

[1] The SEC's Statement of Material Facts in Support of the SEC's Motion for Summary Judgment is referred to herein as "SMF."  The Declaration of Mark Tallarico is referred to herein as "Tallarico Decl."  The Declaration of Carrie Hyde-Michaels is referred to herein as "Hyde-Michaels Decl."

1

iii) Ali Zaidi, iiv) [sic] Gina McCarthy and/or v) Philip Giudice (again, whether person to person or as part of any *group* text, Telegram, Signal, WhatsUpp [sic], Facebook, Twitter, etc. chat or DM), which c) were sent/received at any time from September 1, 2021 through April 20, 2022, inclusive" and (2) "messages as defined herein that were a) sent to or from i) Gary Gensler, ii) Allison Herren Lee, iii) Frank Buda, iv) Prashant Yerramalli, and/or v) Angelica Annino, <u>and also</u> b) includes anywhere, i) GHG (in any form, e.g., including also in GHGs), ii) 'climate risk' (quotations only indicating the search parameter), and/or iii) CRD, which were sent/received at any time from September 1, 2021 through April 20, 2022, inclusive." SMF ¶1. The SEC assigned Plaintiff's April 20, 2022 FOIA request tracking number 22-01719-FOIA. *Id*.

On April 25, 2022, Plaintiff submitted another FOIA request to the SEC seeking "all electronic mail a) sent to, from or which copies (whether as cc: or bcc:) i) Gary Gensler, ii) Allison Herren Lee, iii) Frank Buda, iv) Prashant Yerramalli, and/or v) Angelica Annino, b) which is also sent to, from of [sic] which copies (again, whether as cc: or bcc:) or includes, anywhere in an email 'thread', whether as a co-correspondent's address or otherwise in the body of, e.g., a forwarded email, i) @nrdc.org, ii) @sustainableFERC.org, and/or iii) @EF.org, which are dated at any time from September 1, 2021 through April 22, 2022, inclusive." SMF ¶2. The SEC assigned Plaintiff's April 25, 2022 FOIA request tracking number 22-01750-FOIA. *Id*.

### *FOIA REQUEST NO. 22-01719-FOIA.*

Plaintiff's FOIA Request No. 22-01719-FOIA sought particular "text messages and other written electronic, non-email communications." SMF ¶1. The SEC's Office of Information and Technology ("OIT") is not able to conduct electronic searches of text messages sent to or from SEC-issued cell phones. SMF ¶11. Therefore, to search for records responsive to FOIA Request No. 22-01719-FOIA, SEC staff worked with SEC Chair Gary Gensler, Frank Buda, Prashant

Yerramalli, and Angelica Annino to search each individual's SEC-issued cell phone for text messages and other messages with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice.  SMF ¶12.  Because Commissioner Allison Herren Lee left the SEC in July 2022, SEC staff searched her SEC-issued cell phone for text messages and other messages with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice.  SMF ¶13.  No responsive messages with Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice were identified in these searches.  SMF ¶14.  Additionally, SEC staff worked with Chair Gensler, Frank Buda, Prashant Yerramalli, and Angelica Annino to search each individual's SEC-issued cell phone for text messages and other messages containing the requested search terms "GHG," "climate risk," and "CRD."  SMF ¶15.  SEC staff also searched Commissioner Lee's cell phone for text messages and other messages containing the requested search terms "GHG," "climate risk," and "CRD."  SMF ¶16.  As a result of these searches, SEC staff identified four pages of responsive records consisting of text messages that contain the requested search terms "GHG," "climate risk," and "CRD."  SMF ¶17.

    For the time period covered by Plaintiff's FOIA request, Jabber was the instant messaging system used at the SEC.  SMF ¶18.  To capture responsive Jabber messages, OIT ran a search for all Jabber messages sent to or from Chair Gensler, Commissioner Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino.  *Id*.  Within each of those sets of messages, SEC staff then ran a search for the requested search terms "GHG," "climate risk," and "CRD."  *Id*.  SEC staff identified one responsive Jabber message as a result of this search.  *Id*.  Jabber messages can be sent and received only between SEC staff and not with external individuals.  SMF ¶19.

    OIT is not able to conduct electronic searches of electronic messages sent to or received from other platforms including Facebook, Twitter, Skype, Signal, WhatsApp, or Telegram.  SMF

¶20. Chair Gensler, Frank Buda, Prashant Yerramalli, and Angelica Annino told SEC staff that they did not use non-email, messaging platforms other than text message to send or receive messages concerning SEC business during the relevant time period.  SMF ¶21.  SEC staff also searched Commissioner Lee's SEC-issued cell phone for messages sent via platforms other than Jabber and did not identify any responsive records.  SMF ¶22.

On September 12, 2022, the SEC responded to Plaintiff's FOIA Request No. 22-01719-FOIA and informed Plaintiff that the SEC identified five pages of records responsive to the FOIA request and was withholding all five pages of records in full under FOIA Exemptions 5 and 6, 5 U.S.C. § 552(b)(5), (6).  SMF ¶6.

### *FOIA REQUEST NO. 22-01750-FOIA.*

To search for records responsive to FOIA Request No. 22-01750-FOIA, OIT conducted an electronic search of the SEC email correspondence of Chair Gensler, Commissioner Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino between September 1, 2021 and April 22, 2022 (the time period requested) using the search terms "nrdc.org," "sustainableFERC.org," and "EF.org."  SMF ¶8.  The email search consisted of a search of all emails sent to or received by Chair Gensler, Commissioner Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino (using the SEC email addresses that they generally use) where the search terms were contained in any field of the email (to, from, cc, bcc, subject line, or body of the email).  *Id*.

OIT's search for records responsive to FOIA Request No. 22-01750-FOIA returned five emails with attachments.  SMF ¶9.  The FOIA Office reviewed these emails to identify the records responsive to the FOIA request and determined that four of them, a total of 79 pages of records, were responsive.  *Id*.  The FOIA Office deemed one email that had a search term only in the attachment, not in the body of the email, as non-responsive and excluded it from release.  *Id*.

OIT is not able to conduct electronic searches of non-SEC email correspondence. SMF ¶10. Consequently, SEC staff asked Chair Gensler, Commissioner Lee, Frank Buda, Prashant Yerramalli, and Angelica Annino whether they use their personal email addresses to conduct SEC business. *Id.* They stated that they do not use their personal email addresses to conduct SEC business. *Id.*

On July 13, 2022, the SEC responded to Plaintiff's FOIA Request No. 22-01750-FOIA and released to Plaintiff 79 pages of records. SMF ¶4. The records were redacted in part under FOIA Exemption 6, 5 U.S.C. § 552(b)(6). *Id.*

### III. PROCEDURAL BACKGROUND

On May 27, 2022, Plaintiff filed its Complaint against the SEC concerning FOIA Request Nos. 22-01719-FOIA and 22-01750-FOIA. *See* ECF No. 1; SMF ¶3.

The parties agree that, on summary judgment, the issues to be resolved are (1) the adequacy of the searches conducted in connection with FOIA Request Nos. 22-01719-FOIA and 22-01750-FOIA and (2) the SEC's withholding of information from records responsive to FOIA Request No. 22-01719-FOIA. *See* ECF No. 16 at 2; SMF ¶7.

### IV. ARGUMENT

Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Most FOIA cases are resolved at summary judgment. *Clemente v. FBI*, No. 1:20-cv-1527 (TNM), 2022 WL 17092585, at *1 (D.D.C. Nov. 21, 2022) (McFadden, J.). A party is "entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records, and each responsive

record that it has located has either been produced to the plaintiff or is exempt from disclosure." *Miller v. United States DOJ*, 872 F. Supp. 2d 12, 18 (D.D.C. 2012).

To demonstrate its entitlement to summary judgment, "[a]n agency may submit sufficiently detailed affidavits or declarations, a Vaughn index of the withheld documents, or both, to demonstrate that [it] has analyzed carefully any material withheld and provided sufficient information as to the applicability of an exemption." *Clemente*, 2022 WL 17092585, at *2 (internal quotations omitted). The SEC "bears the burden to show that the claimed exemptions apply." *Id.* The Court may accept as true the factual assertions in the SEC's declarations "unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary." *Media Research Ctr. v. United States DOJ*, 818 F. Supp. 2d 131, 136 (D.D.C. 2011). "The Court may grant summary judgment based solely on the agency's declarations if neither record evidence nor evidence of the agency's bad faith contradicts them." *Greenspan v. Bd. of Governors of the Fed. Rsrv. Sys.*, No. 1:21-cv-01968 (TNM), 2022 WL 17356879, at *2 (D.D.C. Dec. 1, 2022) (McFadden, J.). An agency's declarations "receive a presumption of good faith." *Id.* (internal quotations omitted).

When addressing a motion for summary judgment, the Court "is to strike a balance between adequate review and respecting an agency's expertise and, accordingly, should not overstep the proper limits of the judicial role in FOIA review." *Dillon v. United States DOJ*, 444 F. Supp. 3d 67, 83 (D.D.C. 2020) (internal quotations omitted).

**A. Summary judgment is appropriate because no material facts are in dispute.**

"FOIA cases do not ordinarily involve disputed facts." *Codrea v. BATFE*, No. 21-2201 (RC), 2022 WL 4182189, at *3 (D.D.C. Sept. 13, 2022). Like most FOIA cases, the only remaining disputes in this case are legal in nature, namely whether the searches that the SEC

6

conducted in connection with FOIA Request Nos. 22-01719-FOIA and 22-01750-FOIA are adequate and whether the SEC permissibly withheld records responsive to FOIA Request No. 22-01719-FOIA. SMF ¶7; ECF No. 16 at 2. Summary judgment is warranted because the SEC "has fully discharged its obligations under the FOIA," even "after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Cause of Action Inst. v. United States DOJ*, 282 F. Supp. 3d 66, 72 (D.D.C. 2017).

### B. The SEC's searches for responsive records were adequate.

The SEC has fully discharged its obligations under the FOIA because it conducted adequate searches in connection with FOIA Request Nos. 22-01750-FOIA and 22-01719-FOIA. To obtain summary judgment in a FOIA case in the face of an assertion that it failed to conduct an adequate search, an agency "must show that it conducted a search reasonably calculated to uncover all relevant documents." *Amiri v. NSF*, No. 1:20-cv-02006 (TNM), 2021 WL 4438910, at *3 (D.D.C. Sept. 28, 2021) (McFadden, J.), *aff'd*, 2022 WL 1279740 (D.C. Cir. Apr. 28, 2022). The SEC "need not uncover every existing document" (*Clemente*, 2022 WL 17092585, at *2) and "has discretion to craft its search to meet [the] standard" (*Machado Amadis v. DOJ*, 388 F. Supp. 3d 1, 14 (D.D.C. 2019) (McFadden, J.), *aff'd*, 971 F.3d 364 (D.C. Cir. 2020)). *See also Elec. Privacy Info. Ctr. v. FBI*, No. 1:17-cv-00121 (TNM), 2018 WL 2324084, at *2 (D.D.C. May 22, 2018) (McFadden, J.) ("Searching for records requires 'both systemic and case-specific exercises of discretion and administrative judgment and expertise,' and is 'hardly an area in which the courts should attempt to micro-manage the executive branch.'"). "The Court measures the adequacy of an agency's search under a standard of reasonableness, considering the surrounding circumstances." *Amiri*, 2021 WL 4438910, at *3.

The SEC "can establish the adequacy of its search via affidavits or declarations that 'explain in reasonable detail the scope and method of the search.'" *Id.* Courts have found that a declaration may be supplied by an agency employee responsible for supervising or coordinating the search efforts rather than the agency employee who performed the search. *See, e.g.*, *DiBacco v. United States Dep't of the Army*, 926 F.3d 827, 833 (D.C. Cir. 2019) ("[A]lthough some of the information was relayed to [declarant] by her subordinates, declarations in FOIA cases may include such information without running afoul of Rule 56."); *Emuwa v. United States Dep't of Homeland Sec.*, No. 1:20-cv-01756 (TNM), 2022 WL 1451430, at *4 (D.D.C. May 9, 2022) (McFadden, J.) ("FOIA declarants may include statements in their declarations based on information they have obtained in the course of their official duties.") (internal quotation omitted). Here, the SEC is providing declarations from the SEC's Office of the General Counsel staff and Office of FOIA Services staff who are knowledgeable about the searches conducted for Plaintiff's FOIA requests. *See* Tallarico Decl.; Hyde-Michaels Decl. These declarations describe the procedures SEC staff used to conduct searches for documents responsive to Plaintiff's FOIA requests. *See* Tallarico Decl. ¶¶6-10; Hyde-Michaels Decl. ¶¶ 7, 9-10, 13-17.

FOIA Request No. 22-01750-FOIA sought email correspondence belonging to five SEC staff members for specific time periods and contained specific search terms. *See* SMF ¶2. As stated in the supporting declarations, for that request, SEC staff had OIT conduct a search of the SEC email correspondence belonging to the specified SEC staff for the requested time periods containing the specific search terms. *See* SMF ¶8. SEC staff then reviewed the records returned to identify responsive records. *See* SMF ¶9. Because SEC staff looked for responsive records in the SEC's email system using the parameters Plaintiff specifically requested, the SEC conducted a reasonable search in connection with FOIA Request No. 22-01750-FOIA.

8

FOIA Request No. 22-01719-FOIA sought "text messages and other written electronic, non-email communications" belonging to five SEC staff.  SMF ¶1.  OIT is not able to conduct electronic searches of text messages, so SEC staff worked with the four SEC staff members who were still at the SEC at the time of the search to search their SEC-issued cell phones for messages with the specific recipients and the specific search terms that Plaintiff requested.  SMF ¶¶11, 12, 15.  SEC staff also separately conducted a search of Commissioner Lee's cell phone for messages with the specific recipients and the specific search terms that Plaintiff requested.  SMF ¶¶13, 16.

To capture "other written electronic, non-email communications," OIT ran a search for all Jabber messages sent to or from the five requested SEC staff.  SMF ¶18.  Within each of those sets of messages, SEC staff then ran a search for the requested search terms "GHG," "climate risk," and "CRD."  *Id*.  Jabber messages can be sent and received only between SEC staff and not with external individuals, so SEC staff did not search for Jabber communications with the named external recipients (Janet Yellen, David Hayes, Ali Zaidi, Gina McCarthy, and Philip Giudice).  *See* SMF ¶19.  Additionally, because OIT is not able to conduct electronic searches of electronic messages sent to or received from other platforms, SEC staff asked the requested SEC staff members still at the SEC whether they used other non-email, messaging platforms to send or receive messages concerning SEC business during the relevant time period, and they stated they did not.  SMF ¶¶20, 21.  SEC staff also searched Commissioner Lee's SEC-issued cell phone for messages sent via platforms other than Jabber and did not identify any responsive records.  SMF ¶22.  Because the SEC conducted searches "reasonably calculated to uncover responsive documents," as explained in "reasonably detailed" declarations, the SEC performed adequate searches for records responsive to FOIA Request Nos. 22-01750-FOIA and

9

22-01719-FOIA.  *See Competitive Enter. Inst. v. United States EPA*, 232 F. Supp. 3d 172, 183 (D.D.C. 2017); *see also Amiri*, 2021 WL 4438910, at *4 (deeming declaration by staff who "oversaw the searches" acceptable where it "identifie[d] the record systems and locations searched, the personnel consulted during the search, why the relevant information would be in those locations and systems, and the search terms used" along with "the methodology of each search").

### C. The SEC properly withheld records under FOIA Exemption 5.

#### 1. Agencies can withhold exempt information when responding to FOIA requests.

Though under the FOIA an agency must make certain government records available to the public upon proper request, the FOIA contemplates that some information may be kept from the public, as described in the FOIA's nine enumerated exemptions allowing the government to withhold documents or portions of documents.  *See* 5 U.S.C. § 552(b)(1)-(9).  The agency bears the burden of justifying the withholding of information under an exemption. *Greenspan*, 2022 WL 17356879, at *2.

In support of an exemption claimed under FOIA, "an agency may rely on declarations describing the applicability of a FOIA exemption to information that the agency has withheld." *Id.*  An agency's declarations support summary judgment if they "describe[] the justifications for withholding the information with specific detail" and "demonstrate[] that the information withheld logically falls within the claimed exemption." *ACLU v. United States DOD*, 628 F.3d 612, 619 (D.C. Cir. 2011).  "The Court may grant summary judgment based solely on the agency's declarations if neither record evidence nor evidence of the agency's bad faith contradicts them." *Greenspan*, 2022 WL 17356879, at *2.  "Ultimately, an agency's justification

10

for invoking a FOIA exemption is sufficient if it appears logical or plausible." *ACLU*, 628 F.3d at 619 (internal quotations omitted).

In addition to declarations, the SEC may also rely on a *Vaughn* index to justify its withholdings. *Chavis v. United States DOJ*, No. 1:20-cv-00638 (TNM), 2021 WL 1668069, at *4 (D.D.C. Apr. 28, 2021) (McFadden, J.); *Amiri*, 2021 WL 4438910, at *5 ("[i]n FOIA cases, agencies typically provide their justifications for withholding information in a *Vaughn* index" which "must contain an adequate description of the records and a plain statement of the exemptions relied upon") (internal quotations omitted). Both the declarations and the *Vaughn* index have a presumption of good faith. *Chavis*, 2021 WL 1668069, at *4.

## 2. Exemption 5 allows agencies to withhold documents protected by the deliberative process privilege.

Exemption 5 exempts from disclosure "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Courts have interpreted Exemption 5 to cover "the privileges available to Government agencies in civil litigation," which includes the deliberative process privilege. *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 141 S. Ct. 777, 785 (2021). "For the deliberative process privilege to apply, the withheld materials must be 'predecisional' and 'deliberative.'" *Amiri*, 2021 WL 4438910, at *6. A record is "predecisional if the agency generated it before its final decision on a matter" and "deliberative if the agency prepared it to 'help the agency formulate its position.'" *Clemente*, 2022 WL 17092585, at *5; *Elec. Frontier Found. v. United States DOJ*, 739 F.3d 1, 4 (D.C. Cir. 2014) (Exemption 5 "allows an agency to withhold 'all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be[.]'").

11

The deliberative process privilege protects "from disclosure documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Competitive Enter. Inst*, 232 F. Supp. 3d at 184 (internal quotations omitted). The deliberative process privilege also "covers recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* (internal quotations omitted). "To encourage candor, which improves agency decisionmaking, the privilege blunts the chilling effect that accompanies the prospect of disclosure." *Sierra Club*, 141 S. Ct. at 785. The privilege also "protects agencies from being 'forced to operate in a fishbowl.'" *Elec. Frontier Found.*, 739 F.3d at 7. The deliberative process privilege "calls for disclosure of all opinions and interpretations which embody the agency's effective law and policy, and the withholding of all papers which reflect the agency's group thinking in the process of working out its policy and determining what its law shall be." *Id.* (internal quotations omitted).

### 3. The SEC properly withheld information under the deliberative process privilege.

As detailed in the *Vaughn* index, the SEC withheld in full five pages of records responsive to FOIA Request No. 22-01719-FOIA pursuant to the deliberative process privilege embedded in FOIA Exemption 5. *See* Ex. 1; SMF ¶23. The SEC properly withheld pre-decisional agency deliberations about rulemaking. As described in the *Vaughn* index, the withheld records consist of pre-decisional discussion and analysis concerning SEC proposed rulemaking. *See* Ex. 1; SMF ¶¶23, 24. Specifically, the records reflect SEC staff's consultative discussions on aspects of proposed climate-related rulemaking prior to the agency's release of

12

the proposed rules. SMF ¶24. In these records, staff discuss various aspects of the SEC's proposed rules about climate-related disclosures, including the rules' particular subject matter, the inclusion of particular provisions in the proposed rules, and edits to the rules' language. *See* Ex. 1. These deliberative discussions all occurred prior to the announcements of the proposed rules. *See id.* Courts have found that this type of internal correspondence between agency staff about rulemaking is appropriately withheld pursuant to the deliberative process privilege. *See Nat'l Right to Work Legal Def. & Educ. Found., Inc. v. United States DOL*, 828 F. Supp. 2d 183, 191 (D.D.C. 2011) (deeming appropriate Exemption 5 withholdings of notes about "discussion of possible courses of action to take in the rulemaking process" and "discussions of elements of [agency's] process of formulating and drafting a final Notice of Proposed Rulemaking, including discussions concerning a draft final rule"); *Lewis v. United States Dep't of Treasury*, No. 17-cv-0943 (DLF), 2020 WL 1667656, at *7 (D.D.C. Apr. 3, 2020) (Exemption 5 applied to draft documents "prepared to help [agency] officials finalize the language in the agency's proposed rulemaking" that "contain[ed] comments and redline edits . . . reflect[ing] the give-and-take of the consultative process between [agency] officials regarding what material the final document should include") (cleaned up), *aff'd*, 851 F. App'x 214 (D.C. Cir. 2021); *Env't Integrity Project v. SBA*, 151 F. Supp. 3d 49, 56 (D.D.C. 2015) (Exemption 5 applied to records concerning proposed rulemaking, including "candid discussions leading up to the agency's recommendations on the proposed rule"); *Enviro Tech Int'l, Inc. v. United States EPA*, 371 F.3d 370, 375-77 (7th Cir. 2004) (affirming use of Exemption 5 to protect disclosure of documents pertaining to EPA's proposed rule).

Because the withheld messages pre-date the SEC's release of the climate-related proposed rules and reflect internal deliberation about those draft proposed rules, the records fit squarely within Exemption 5 and were appropriately withheld.

### 4. The SEC conducted a segregability analysis and reasonably foresaw that disclosure of the withheld information would harm interests protected by Exemption 5.

Under the FOIA, an agency may withhold exempt information only if it "reasonably foresees that disclosure would harm an interest protected by [a FOIA] exemption," "consider[s] whether partial disclosure of information is possible," and "take[s] reasonable steps necessary to segregate and release nonexempt information."  5 U.S.C. § 552(a)(8)(A).  "A record is not reasonably segregable if 'exempt and nonexempt information are inextricably intertwined, such that the excision of exempt information would impose significant costs on the agency and produce an edited document with little informational value.'" *Elec. Privacy Info. Ctr*, 2018 WL 2324084, at *6.  The SEC "enjoy[s] 'a presumption that they complied with the obligation to disclose reasonably segregable material.'" *Id.*

SEC staff have reviewed the records responsive to FOIA Request No. 22-01719-FOIA to determine if it is reasonably foreseeable that disclosure would harm an interest protected by one of the FOIA's statutory exemptions or the disclosure is prohibited by law.  SMF ¶26.  The SEC has determined that it is reasonably foreseeable that disclosure of these records would cause harm.  *Id.*  Disclosure of the information relating to internal SEC deliberations that the SEC is withholding under the deliberative process privilege would chill discussions regarding SEC proposed rulemaking.  SMF ¶27.  If these documents were disclosed in response to FOIA requests, staff across the SEC would likely limit their discussions and inhibit their candor in

14

discussing proposed rulemaking.  *Id*.  Such chilling would make rulemaking less efficient and effective as it would likely prevent robust discussions among SEC staff in drafting proposed rules.  *Id*.  Additionally, Plaintiff's FOIA requests focus on records concerning "environmental and energy policy," including records relating to SEC climate-related rules.  SMF ¶28.  Releasing internal deliberations about these rules prior to their proposal would interfere with the SEC's longstanding approach to rulemaking, which relies on significant internal deliberations and debate on sensitive topics that affect U.S. securities markets.  *Id*.  Releasing these discussions would also cause public confusion as they pre-date the release of the proposed rules.  *Id*.  Overall, disclosure would jeopardize the candid and comprehensive discussions that are essential for efficient and effective agency rulemaking.  SMF ¶29.

SEC staff have also determined that, in the records that were withheld, there is no non-exempt information that can be segregated from the exempt deliberations.  SMF ¶25.

## V. CONCLUSION

For the foregoing reasons, the SEC respectfully requests that the Court grant the SEC's motion for summary judgment.

Dated:  June 2, 2023

Respectfully submitted,

/s/ *Alexandra Verdi*
Alexandra Verdi (NY Reg. No. 5480934)
Office of the General Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, D.C. 20549
Telephone: (202) 551-5057
Fax: (202) 772-9263
verdim@sec.gov

*Counsel for Defendant*
*U.S. Securities and Exchange Commission*