UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY POLICY ADVOCATES,<br><br>    Plaintiff,<br><br>  v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br><br>    Defendant. | No. 1:22-cv-01497-TNM |

## DECLARATION OF ELIZABETH M. MURPHY

I, Elizabeth M. Murphy, declare as follows:

1. I am the Associate Director for Legal and Regulatory Policy in the Division of Corporation Finance of the U.S. Securities and Exchange Commission ("SEC"). I have served in this capacity since March 2014. My duties include supervising staff in the Division's Office of Rulemaking.

2. I submit this declaration to further explain the foreseeable harm of releasing the five pages of records that were withheld in full in connection with FOIA Request No. 22-01719-FOIA, which is at issue in the above-captioned action.

3. I make this declaration in my official capacity. The statements I make in this declaration are based on my review of the official files and records of the SEC maintained routinely in the ordinary course of business, my own personal knowledge, or information I acquired through the performance of my official duties or from other SEC staff.

4. I have been informed that in responding to a FOIA request the SEC withheld five pages of records consisting of text and Jabber messages under the deliberative process privilege

because they contain pre-decisional and deliberative information. I have further been informed that, to support its decision to withhold these documents, the SEC must explain why it is reasonably foreseeable that disclosure of these records would cause harm.

5.      I supervise staff in the Division of Corporation Finance's Office of Rulemaking who have primary responsibility for drafting many SEC rulemaking releases, including the proposing release titled, "The Enhancement and Standardization of Climate-Related Disclosures for Investors."  I previously served as Secretary of the Commission for five years and as Chief of the Office of Rulemaking in the Division of Corporation Finance for eight years. As a result of my rulemaking work, I am familiar with the critical importance of the free flow of ideas and the need for extensive coordination of rulemaking projects and robust deliberation among a wide range of SEC staff members.

6.      Disclosure of the information that the SEC is withholding under the deliberative process privilege would chill discussions in connection with the formulation of policy proposals for the Commission's consideration.  Effective rulemaking requires open and collaborative dialogue among SEC staff.  When proposing and drafting a rule, SEC staff must consider a wide variety of options, including rule focus, breadth, and language.  Staff at all levels can have a variety of views and opinions on a proposed rule that they must share and discuss to determine the best result.  While deliberating about a rule, staff often determine that certain ideas have no merit and must be dismissed.  Staff at all levels may change their views of what approach is best during the process of drafting a rule – particularly through collaborating with colleagues using a variety of communication methods and technologies.

7. Releasing the documents the SEC is withholding would show that discussions about a rule prior to agency proposal could be released under the FOIA, and if SEC staff knew such a release was possible, they would be reluctant to record their views and engage in open discussion during the rule drafting process. Such a chilling could adversely affect rulemaking because good solutions are often found as staff share all possible approaches, even those that are ultimately dismissed. Such a chilling would also slow down the rulemaking process because ideas would be discussed in meetings rather than in emails and messages that can be circulated with much less scheduling.

8. Releasing records like the five pages of text and Jabber messages that the SEC has withheld in this case could also confuse the public by suggesting that views and approaches that were dismissed or changed during the drafting process are still relevant options being considered.

9. The SEC received a high volume of public comment in response to a March 15, 2021 request for public input on climate disclosure by then-Acting Chair Allison Herren Lee, as well as in response to the proposing release issued in March 2022. Many of the commenters expressed sharply divergent views on the proposed disclosure of a registrant's greenhouse gas emissions and other aspects of the proposal. It is particularly important to enable the free flow of information and to maintain an unfettered deliberative process on controversial proposals and sensitive topics so that all aspects of the proposal and differing viewpoints can be openly and expansively discussed.

10. Overall, disclosure would jeopardize the candid and comprehensive discussions that are essential for efficient and effective agency rulemaking.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my information and belief.

Executed on the 14th day of July, 2023 at Washington, D.C.

*Elizabeth M. Murphy*
ELIZABETH M. MURPHY
Associate Director, Division of Corporation Finance
U.S. Securities and Exchange Commission